# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

  Plaintiff,

  v.               Case No. 16-CR-38

**MARCUS A. OWENS,**

  Defendant.

## RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS BASED ON ISSUING MAGISTRATE JUDGE'S LACK OF JURISDICTION

  Marcus A. Owens is charged with receiving and possessing child pornography. The charges stem from the FBI's investigation of "Playpen," a site alleged to be dedicated to the advertisement and distribution of child pornography. The FBI seized control of Playpen and obtained from a magistrate judge in the Eastern District of Virginia a search warrant that allowed the government to use a "Network Investigative Technique" (NIT) to identify individual users who were accessing content on the site. Upon deploying the NIT and conducting additional investigation, the FBI identified Mr. Owens as a Playpen user. Law enforcement officers used this information to secure a warrant to search Mr. Owens's home. Upon executing the warrant, officers recovered computers and external hard drives that contained numerous images and videos of suspected child pornography. Mr. Owens also admitted to officers that he had been accessing child pornography for the past several years.

On August 1, 2016, Mr. Owens filed a motion to suppress all evidence derived from the NIT Warrant, arguing that the warrant is void because the issuing magistrate judge lacked jurisdiction to issue it. The United States argues that the NIT Warrant is valid and that suppression would nevertheless be an inappropriate remedy in this case. For the following reasons, the Court will recommend that Mr. Owens's motion be denied.

I.  **Background**

In September 2014, FBI agents began investigating a website that appeared to be dedicated to the advertisement and distribution of child pornography. Affidavit in Support of Application for NIT Warrant ¶ 11, ECF No. 39-2 at 5-37. The website—referred to in the warrant applications as Target Website and Website A, respectively—operated on the anonymous Tor network, which allowed users to mask their Internet Protocol addresses while accessing the site, NIT Warrant Aff. ¶¶ 7-8. In February 2015, the FBI apprehended the website's administrator and assumed administrative control of the site. NIT Warrant Aff. ¶ 30. The FBI allowed the site to continue to operate from a computer server that was located at a government facility within the Eastern District of Virginia.

On February 20, 2015, an FBI special agent applied to a United States Magistrate Judge in the Eastern District of Virginia for a warrant to use a Network Investigative Technique to investigate Playpen's users and administrators. In support of the warrant application, the agent submitted a thirty-three-page affidavit that set forth his basis for probable cause to believe that deploying the NIT would uncover evidence and instrumentalities of certain child exploitation crimes.

2

*See generally* NIT Warrant Aff. The affidavit described in detail the FBI's investigation of Playpen, including the site's nature and content and how users could find and access it. NIT Warrant Aff. ¶¶ 6-27 The affidavit also described how the NIT worked and why it was believed to be a necessary step in the investigation. NIT Warrant Aff. ¶¶ 28-37.

The NIT involved additional computer instructions that would be downloaded to a user's computer—referred to as an activating computer—along with the site's normal content. NIT Warrant Aff. ¶ 33. After downloading the additional instructions, the activating computer would transmit certain information to the government-controlled computer located in the Eastern District of Virginia, including: (1) the computer's actual IP address; (2) a unique identifier to distinguish the data from that of other computers; (3) the computer's operating system; (4) information about whether the NIT had already been delivered to the computer; (5) the computer's "Host Name"; (6) the computer's active operating system username; and (7) the computer's "Media Access Control" address. NIT Warrant Aff. ¶¶ 33-34, 36. The NIT would be deployed each time a user logged onto the government-controlled website. NIT Warrant Aff. ¶ 36.

United States Magistrate Judge Theresa Carroll Buchanan, sitting in the Eastern District of Virginia, signed the NIT Warrant on February 20, 2015. NIT Search Warrant, ECF No. 39-2 at 2-4. The face of the warrant authorized the government to search property located in the Eastern District of Virginia. *See* NIT Warrant. Agents executed the warrant that same day and continued to collect data from computers that accessed Playpen until March 4, 2015. *See* Affidavit in Support

3

Case 2:16-cr-00038-JPS   Filed 10/04/16   Page 3 of 17   Document 63

of Application for Warrant to Search Mr. Owens's Residence ¶ 24, ECF No. 39-1 at 8-41.

Through the use of the NIT and additional investigation, FBI agents determined that an individual with the username "tinderbittles" registered an account on Playpen on February 3, 2015, and accessed the site for more than three hours between February 3 and March 4, 2015. Residence Warrant Aff. ¶¶ 25-26. This user accessed several posts that contained links to and sample photos of child pornography. Residence Warrant Aff. ¶¶ 27-31. Agents learned the user's IP address via the NIT, determined the service provider of the IP address, and linked the IP address to Mr. Owens at his home in Kenosha, Wisconsin. Residence Warrant Aff. ¶¶ 25-34.

An FBI agent subsequently applied for a warrant to search the Kenosha residence. In support of the warrant application, the agent submitted a thirty-four-page affidavit that set forth his basis for probable cause to believe that the residence contained evidence relating to federal violations concerning child pornography. *See generally* Residence Warrant Aff. This affidavit recited much of the information contained in the NIT Warrant Affidavit. *See* Residence Warrant Aff. ¶¶ 7-21. United States Magistrate Judge Nancy Joseph signed the warrant on February 1, 2016. Warrant to Search Mr. Owens's Residence, ECF No. 39-1 at 1-6.

Law enforcement officers executed the warrant on February 4, 2016, and seized—among other things—an external hard drive that contained numerous images and videos of suspected child pornography. Criminal Complaint ¶ 5, ECF No. 1. Mr. Owens agreed to speak with law enforcement, and he admitted to

4

accessing certain websites that contained images of child pornography. *Id.* ¶ 8. Based on the evidence seized from the residence and his statement to law enforcement, Mr. Owens was arrested pursuant to a criminal complaint that charged him with receiving and possessing child pornography. *See* Compl.

On March 1, 2016, a grand jury indicted Mr. Owens for one count of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of knowingly possessing matter that contained images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5). Indictment, ECF No. 9. The matter is assigned to United States District Judge J.P. Stadtmueller for trial and to this Court for pretrial motions. Mr. Owens's trial is scheduled for November 7, 2016.

## II.  Discussion

In support of his motion to suppress, Mr. Owens argues that the NIT Warrant does not comply with the territorial restrictions of Fed. R. Crim. P. 41(b) and that the issuing magistrate judge lacked jurisdiction to authorize the warrant under the Federal Magistrates Act, 28 U.S.C. § 636(a). Defendant's Motion to Suppress Based on Issuing Magistrate Judge's Lack of Jurisdiction 4-14, ECF No. 40. According to Mr. Owens, because jurisdiction was lacking, the NIT Warrant is void and all evidence derived therefrom should be suppressed. *Id.* at 10-16. The Court will address each argument in turn.

### A. Whether evidence derived from the NIT Warrant should be suppressed because the warrant fails to comply with the requirements of Fed. R. Crim. P. 41(b)

Mr. Owens first argues that the NIT Warrant "plainly violated the territorial limits of Rule 41(b)." Def.'s Mot. 4-10.

#### 1. Fed. R. Crim. P. 41(b)

"Rule 41(b) sets out five alternative territorial limits on a magistrate judge's authority to issue a warrant." *In re Warrant to Search a Target Computer at Premises Unknown*, 958 F. Supp. 2d 753, 756 (S.D. Tex. 2013). Specifically, Rule 41(b) authorizes magistrate judges to issue warrants to (1) "search for and seize a person or property located within [the judge's] district"; (2) search for and seize a person or property located outside the judge's district "if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed"; (3) search for and seize a person or property located outside the judge's district if the investigation relates to terrorism; (4) "install within [the judge's] district a tracking device . . . to track the movement of a person or property located within the district, outside the district, or both; or (5) seize property located outside the judge's district but within a United States territory, possession, commonwealth, or premises used by a United States diplomatic or consular mission. *See* Fed. R. Crim. P. 41(b).

#### 2. The parties' arguments

Mr. Owens argues that the NIT Warrant authorized a search of property located outside the issuing magistrate judge's district because the warrant permitted the FBI to search the personal computers of Playpen's users no matter

6

where those computers were located. Def.'s Mot. 6-8; Defendant's Reply in Support of Motion to Suppress Based on Issuing Magistrate Judge's Lack of Jurisdiction 3-6, ECF No. 52. As such, he contends that the warrant does not comply with any of the five territorial restrictions provided in Rule 41(b) because the rule does not allow magistrate judges to authorize out-of-district searches or seizures "in regular criminal investigations." Def.'s Mot. 4-10; Def.'s Reply 3-8.

The United States argues that Rule 41(b) should be read broadly to allow for the type of search that occurred here pursuant to the NIT Warrant. United States' Response to Defendant's "Motion to Suppress Based on Issuing Magistrate Judge's Lack of Jurisdiction" 9-13, ECF No. 50. Specifically, the United States contends that the NIT functioned as a "tracking device" and, therefore, the warrant complies with Rule 41(b)(4). *Id.* at 10-11 (citing *United States v. Matish*, Criminal No. 4:16cr16, 2016 U.S. Dist. LEXIS 82279, at *59-61 (E.D. Va. June 23, 2016) (finding that "Rule 41(b)(4) authorized the magistrate judge to issue [the NIT Warrant]") and *United States v. Darby*, Criminal No. 2:16cr36, 2016 U.S. Dist. LEXIS 74960, at *37 (E.D. Va. June 3, 2016) (same)). The United States maintains that the warrant also complies with Rule 41(b)(2) because each user reached into the Eastern District of Virginia to access Playpen. U.S.'s Resp. 10-11.

As a fall back, the United States argues that any violation of Rule 41(b) is merely "technical" and does not justify suppression in this case. *Id.* at 3-8, 14 (citing, among other cases, *United States v. Epich*, Case No. 15-CR-163-PP, 2016 U.S. Dist. LEXIS 32459 (E.D. Wis. Mar. 14, 2016) (Pepper, J.) (adopting this Court's

7

Report and Recommendation recommending the denial of a suppression motion raising the same Rule 41(b) argument with respect to the same NIT Warrant)).

### 3. Analysis

The Court is skeptical as to whether the NIT Warrant complies with the territorial restrictions of Rule 41(b). Indeed, most courts have determined that the issuing judge did not have authority under Rule 41(b) to issue the warrant. *See United States v. Allain*, Criminal No. 15-cr-10251, 2016 U.S. Dist. LEXIS 134605, at *28-34 (D. Mass. Sept. 29, 2016); *United States v. Anzalone*, Criminal Action No. 15-10347-PBS, 2016 U.S. Dist. LEXIS 129735, at *26-29 (D. Mass. Sept. 22, 2016); *United States v. Croghan*, Nos. 1:15-cr-48 & 1:15-cr-51, 2016 U.S. Dist. LEXIS 127479, at *8-18 (S.D. Iowa Sept. 19, 2016); *United States v. Ammons*, Criminal Action No. 3:16-CR-00011-TBR-DW, 2016 U.S. Dist. LEXIS 124503, at *13-16 (W.D. Ky. Sept. 14, 2016); *United States v. Torres*, No. 5:16-CR-285-DAE, 2016 U.S. Dist. LEXIS 122086, at *12-17 (W.D. Tex. Sept. 9, 2016); *United States v. Henderson*, Case No. 15-cr-00565-WHO-1, 2016 U.S. Dist. LEXIS 118608, at *8-11 (N.D. Cal. Sept. 1, 2016); *United States v. Adams*, Case No. 6:16-cr-11-Orl-40GJK, 2016 U.S. Dist. LEXIS 105471, at *15-20 (M.D. Fla. Aug. 10, 2016); *United States v. Werdene*, Criminal Action No. 15-434, 2016 U.S. Dist. LEXIS 66311, at *16-21 (E.D. Pa. May 18, 2016); *United States v. Arterbury*, Case No. 15-CR-182-JHP, 2016 U.S. Dist. LEXIS 67091, at *19-23 (N.D. Okla. Apr. 25, 2016); *United States v. Levin*, Criminal Action No. 15-10271-WGY, 2016 U.S. Dist. LEXIS 52907, at *11-18 (D. Mass. Apr. 20, 2016); *United States v. Michaud*, Case No. 3:15-cr-05351-RJB, 2016 U.S. Dist. LEXIS 11033, *15-19 (W.D. Wash. Jan. 28, 2016). *But see Matish*, 2016 U.S. Dist.

8

LEXIS 82279, at *58-61 (finding that the NIT Warrant complied with Rule 41(b)(4)); *Darby*, 2016 U.S. Dist. LEXIS 74960, at *34-38 (same). But the Court need not determine whether the NIT Warrant strictly complied with the requirements of Rule 41(b) because suppression clearly would not be an appropriate remedy for such a violation.

The Seventh Circuit has unequivocally held that "violations of federal rules do not justify the exclusion of evidence that has been seized on the basis of probable cause, and with advance judicial approval." *United States v. Cazares-Olivas*, 515 F.3d 726, 730 (7th Cir. 2008) (examining violation of Rule 41(e)(3)(A)). Indeed, the court has expressed doubt as to whether suppression would ever be an appropriate remedy for a violation of Rule 41, stating, "In light of *Leon*, it is difficult to anticipate any violation of Rule 41, short of a defect that also offends the Warrant Clause of the fourth amendment, that would call for suppression." *United States v. Trost*, 152 F.3d 715, 721-22 (7th Cir. 1998) (quoting *United States v. Hornick*, 815 F.2d 1156, 1158 (7th Cir. 1987)) (examining potential violations of Rule 41(a) & (d)).

Mr. Owens characterizes this precedent as "harsh" and seeks to limit it by maintaining that the Seventh Circuit has not addressed the precise issue in this case, which involves suppression in the context of a Rule 41(b) violation. Def.'s Mot. 10-11. Not true. In *United States v. Berkos*, 543 F.3d 392, 395 (7th Cir. 2008), a magistrate judge issued a warrant compelling an out-of-district internet service provider to disclose electronic communications records relating to an ongoing criminal investigation. The defendant argued on appeal that the district court erred in denying his motion to suppress, asserting that the magistrate judge had exceeded

9

the jurisdictional limitations of Rule 41(b) in authorizing the warrant. *Id.* at 396. The Seventh Circuit indicated that the defendant's argument required the court to determine whether a violation of Rule 41(b) merits invoking the exclusionary rule. *Id.*

In addressing this issue, the court reaffirmed the holding of *Cazares-Olivas*, noting that "[t]he remedy of allowing a defendant to go free based on a violation of Rule 41's requirements for obtaining a proper search warrant would be 'wildly out of proportion to the wrong.'" *Id.* at 396 (quoting *Cazares-Olivas*, 515 F.3d at 730). "This alone," according to the court, would merit "affirming the district court's denial of [the defendant's] . . . motion to suppress." *Berkos*, 543 F.3d at 396. Because the United States had failed to make such an argument, however, the court went on to address the merits of the defendant's appeal. *Id.*

In light of *Berkos*, the Court finds that any purported failure to comply with Rule 41(b) would not justify suppression in this case because the evidence derived from the NIT Warrant was obtained via a judicially authorized warrant supported by probable cause. This Court has now reached that conclusion twice. *See* Order and Recommendation on Defendant's Motion to Suppress, ECF No 62; *see also Epich*, 2016 U.S. Dist. LEXIS 32459, at *6-7. Accordingly, the Court will recommend that the district judge deny Mr. Owens's motion to the extent it seeks suppression based on a violation of Rule 41(b).

10

Case 2:16-cr-00038-JPS   Filed 10/04/16   Page 10 of 17   Document 63

### B. Whether evidence derived from the NIT Warrant should be suppressed because the issuing magistrate judge lacked jurisdiction to issue the warrant under 28 U.S.C. § 636(a)

Mr. Owens also argues that the NIT Warrant is void because the magistrate judge lacked jurisdiction to issue it under § 636(a). Def.'s Mot. 11-14.

#### 1. 28 U.S.C. § 636(a)

Section 636(a) of the Federal Magistrates Act provides, in relevant part, as follows:

> (a) Each United States magistrate judge . . . shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law—
>
> (1) all powers and duties conferred or imposed . . . by law or by the Rules of Criminal Procedure.

28 U.S.C. § 636(a).

#### 2. The parties' arguments

Mr. Owens maintains that the present motion is not controlled by this Court's decisions in *Epich* or Seventh Circuit case law declining to suppress evidence as a remedy for Rule 41 violations because those courts did not consider "the interplay between the Federal Magistrates Act and Rule 41." Def.'s Mot. 1, 10-11; Def.'s Reply 2-3. He contends that, "under the Federal Magistrates Act, a magistrate judge who issues a warrant in violation of Rule 41(b) acts *without jurisdiction*," which renders the warrant void ab initio—that is, the moment it was signed. *See* Def.'s Mot. 1-2, 11-14; Def.'s Reply 3, 10-11.

According to Mr. Owens, the Act identifies three geographic areas in which a magistrate judge may carry out her powers: (1) within the district in which she sits;

11

(2) "at other places where that court may function"; and (3) "elsewhere as authorized by law." Def.'s Mot. 11 (quoting § 636(a)); *see also United States v. Krueger*, 809 F.3d 1109, 1118 (10th Cir. 2015) (Gorsuch, J., concurring) (noting that § 636(a) "identifies only three geographic areas in which a federal magistrate judge's powers are effective"). He thus argues that the issuing magistrate judge lacked jurisdiction to issue the NIT Warrant, as the warrant authorized a search of property outside the issuing judge's district (i.e., "the district in which sessions are held by the court that appointed the magistrate"), the Eastern District of Wisconsin is not an alternative place where the Eastern District of Virginia may function, and the warrant failed to comply Rule 41(b) and no other law or rule authorizes magistrate judges to issue warrants outside their district. Def.'s Mot. 11-12.

The United States counters that Mr. Owens's jurisdictional argument "is basically a reassertion of his argument that the magistrate judge issuing the NIT warrant acted outside of Rule 41(b)." U.S.'s Resp. 7. The United States nevertheless argues that the NIT Warrant is not void because § 636(a) does not limit where a magistrate judge's powers "can have effects," the warrant was "minimally invasive" and "complied with the Fourth Amendment," and "there was no Rule 41(b) violation as applied to defendants identified by the NIT who were within the Eastern District of Virginia." *Id.* at 7-8, 11-14. The United States also contends that the evidence Mr. Owens seeks to suppress is saved by the good-faith exception. *Id.* at 15-17.

   3. Analysis

Mr. Owens's jurisdictional argument rests on two assumptions: first, that a warrant issued without jurisdiction is void at the outset; and second, that the

12

exclusionary rule always applies to void warrants. The Seventh Circuit has not addressed either issue. After examining the non-binding authority cited by the parties, the Court is not convinced that the NIT Warrant—assuming it was issued without jurisdiction—is void ab initio and that all evidence derived from the warrant should be suppressed.

Magistrate judges are authorized by statute to issue search warrants. Section 636(a) provides that magistrate judges "shall have . . . all powers and duties conferred . . . by the Rules of Criminal Procedure," and Fed. R. Crim. P. 41(b) bestows upon magistrate judges authority to issue search warrants. Rule 41(b) also provides magistrate judges authority to issue warrants to search or seize a person or property located outside their districts under certain circumstances. *See* Fed. R. Crim. P. 41(b)(3) (investigations involving terrorism) & (b)(5) (property located within a United States territory, possession, commonwealth, or premises used by a United States diplomatic or consular mission). As such, a magistrate judge who issues an out-of-district warrant in a standard criminal investigation does not act outside the realm of powers afforded to magistrate judges; she merely exceeds the territorial bounds of those powers.

Likewise, "the Fourth Amendment does not impose a venue requirement for applying for a search warrant." *See Adams*, 2016 U.S. Dist. LEXIS 105471, at *22. Rather, the Fourth Amendment requires only that search warrants (1) be issued by neutral, detached magistrates; (2) be supported by probable cause; and (3) describe with particularity the place to be searched and the things to be seized. *See Dalia v. United States*, 441 U.S. 238, 255 (1979). This Court already has determined that the

13

NIT Warrant satisfied the second and third requirements. *See* Recommendation on Defendant's Motion to Suppress, ECF No 62; *see also Epich*, 2016 U.S. Dist. LEXIS 32459, at *5-7. Moreover, nothing in the record suggests that the issuing magistrate judge failed to act in a neutral and detached matter. As such, all three of the core Fourth Amendment requirements were abided by, meaning that this search did not offend the Constitution, even if the magistrate judge may have exceeded her territorial reach, though not her jurisprudential grasp.

A warrant issued without jurisdiction under § 636(a) thus falls somewhere between a defective warrant and no warrant at all. *See United States v. Baker*, 894 F.2d 1144, 1147 (10th Cir. 1990) (similarly describing a warrant issued by a state court judge for a search that took place outside the judge's territorial authority). On balance, the warrant here falls much closer to the defective-warrant pole. First, no one disputes that magistrate judges have statutory authority to issue search warrants, so the warrant issued from judicial officer acting well within her statutory competence. Second, as discussed above, the core Fourth Amendment elements were satisfied here—a detached and neutral judicial officer found probable cause and issued a warrant that met the particularity mandate. This happened, and to act as if it did not, as one would have to do to accept Mr. Owens's argument, smacks of sophistry. Accordingly, the Court finds that a warrant that exceeds the territorial bounds of § 636(a) is more akin to a defective warrant and, therefore, is not void from the outset.

Having found that the NIT Warrant was not void the moment it was signed, the Court turns to whether the evidence derived from the warrant should

14

nevertheless be suppressed for (alleged) lack of jurisdiction in issuing it. Given that neither § 636 nor Rule 41 specify a remedy for actions that exceed the territorial bounds of magistrate judges, the Court determines that the exclusionary rule provides the only authority for suppressing the evidence at issue.

The Court finds that the costs of applying the exclusionary rule in this case are outweighed by its benefits. *See Herring v. United States*, 555 U.S. 135, 141 (2009). Suppression would be particularly inappropriate here given that there is no evidence that the FBI deliberately sought the NIT Warrant from a judge who (allegedly) lacked authority to issue it. *Compare Baker*, 894 F.2d at 1148 (ordering suppression and refusing to apply *Leon* because the law enforcement officer did not act reasonably when seeking a warrant from a judicial officer who clearly did not have territorial authority). The agent who submitted the search warrant affidavit was not dishonest or reckless in preparing it. *See* Recommendation on Defendant's Motion to Suppress, ECF No 62. Likewise, given that the Rule 41 issue has divided district courts throughout the country, the Court cannot say that the purported Rule 41(b) violation was "obvious," *see* Def.'s Mot. 14-16.

Consequently, to the extent the NIT Warrant is invalid for lack of jurisdiction, that error was made by the issuing judge. The purpose of the exclusionary rule, however, is "to deter illegal police conduct, not mistakes by judges and magistrates." *United States v. Bonner*, 808 F.2d 864, 867 (1st Cir. 1986). The only mistake law enforcement made here was knocking on the wrong judicial officer's door in seeking authorization for the NIT Warrant. *See* Def.'s Mot. 20 (citing *Levin*, 2016 U.S. Dist. LEXIS 52907, at *43-46 (finding that the NIT Warrant

15

could have been issued by one of the seven Article III judges who routinely sit in the Alexandria Courthouse within the Eastern District of Virginia)).

For these same reasons, Mr. Owens cannot show that he was prejudiced in any way by having a magistrate judge (rather than a district judge) issue the NIT Warrant. At bottom, the exclusionary rule exists to preserve the guarantees of the Fourth Amendment, and the government acted in accord with those guarantees in this case. Suppression under these circumstances would improperly elevate form over substance. Accordingly, the Court will recommend that the district judge deny Mr. Owens's motion to the extent it seeks suppression based on lack of jurisdiction under § 636(a).

### III. Conclusion

Mr. Owens seeks to suppress all evidence derived from the NIT Warrant, arguing that the warrant is void because the issuing magistrate judge lacked jurisdiction to issue it. The Court concludes, however, that the NIT Warrant satisfied the requirements of the Fourth Amendment and that suppression would be "wildly out of proportion" to any purported lack of authority in issuing it. A majority of the courts to have considered the same issues presented here have declined to suppress evidence derived from the NIT Warrant. *See, e.g.*, *Croghan*, 2016 U.S. Dist. LEXIS 127479, at *7-8 (collecting cases). Accordingly, the Court will recommend that the district judge deny Mr. Owens's motion to suppress for lack of jurisdiction.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Marcus A. Owens's Motion to Suppress Based on Issuing Magistrate Judge's Lack of Jurisdiction, ECF No. 40, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation (or within an alternative time frame set by the district judge). Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2016.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge